## SEAMAN *a.* WRIGHT.

*Supreme Court, First District; Special Term, Feb.,* 1861.

### INTERPLEADER.—LANDLORD AND TENANT.

Although in general a tenant cannot require his landlord to interplead for the rent with an adverse claimant to whom the tenant has attorned, yet where a tenant had for two years paid rent to A. as the agent of B., and afterwards A. claimed to own the property, and to have received rent from the tenant as landlord, while B. claimed the title, and the tenant denied having paid rent to A. in any other capacity than as agent of B.,—*Held,* that an injunction granted in an action of interpleader should be continued to the trial.

Motion to dissolve injunction.

This was an action in the nature of a bill of interpleader.

The plaintiff, in the year 1856, leased of defendant Wright, who was the father-in-law of the defendant Youle, premises in the city of New York, for the term of one year. Defendant Youle, as the agent of defendant Wright, collected the rent of the premises. Seaman continued to occupy the premises from that time until the present without any new lease or agreement. In June, 1860, Youle notified Seaman that he owned the premises by virtue of a warrantee deed executed by Wright on the 15th May, 1856. Wright claimed that the deed was fraudulently obtained, and brought an action in this court to set the same aside, which suit is now pending. Both Wright and Youle now claimed the rent, which Seaman offered to pay, but not knowing which party to pay to, and save himself harmless, in order to protect himself brought this action, and obtained an

injunction restraining the defendants, or either of them, from interfering with him in the possession of said premises upon his paying the money into court.

The defendant Youle now moved to vacate the injunction.

*A. D. Russell* and *A. Oakey Hall*, for the motion.

*John Anderson, Jr.,* and *John Graham,* opposed.

LEONARD, J.—The plaintiff was originally the tenant of Wright, who has since conveyed the premises to Youle by deed which it is now asserted by Wright is fraudulent, and Wright has brought an action in equity to have the deed set aside.

A tenant cannot deny the title of his landlord, nor can he interplead him with a stranger.

If it were clear that Seaman had ever attorned to Youle, this action could not be maintained.

Youle asserts that the plaintiff has paid him rent; but that is denied by Seaman, who alleges that he supposed Youle to be the agent of Wright only; and there is a color for his belief, because it is admitted that Youle did for two years or more collect rent from Seaman as an agent for Wright. I consider it doubtful whether Youle has acquired the right to claim that the plaintiff holds as tenant from him.

The injunction is, therefore, continued, upon the plaintiff depositing the amount admitted to be due from him in the United States Trust Company, to the credit of this action.